IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **United States** | ) | |
| | ) | |
| v. | ) | No. 07 CR 787-01 |
| | ) | Judge Elaine E. Bucklo |
| **Maurice Blakely** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S MOTION FOR
A COMPETENCY EXAMINATION**

NOW COMES, MAURICE BLAKELY, by and through his Attorney, Douglas J. Rathe, and moves for an examination of the Defendant to determine his competency to stand trial or change his plea. In support of this Motion, the Defendant states as follows:

1. On April 23, 2008, the Defendant raised the issue of his competency to stand trial or change his plea during a conference with his Attorney.

2. On April 29, 2008, the Attorney for the Defendant spoke with him at the MCC/Chicago to further investigate the issue of the Defendant's competency.

3. Based on this discussion with the Defendant, Attorney Douglas Rathe has the following concerns:

    a. The Defendant is experiencing symptoms of depression;

    b. The Defendant has difficulty eating;

    c. The Defendant has difficulty sleeping;

    d. The Defendant has nightmares;

    e. The Defendant has night sweats;

    f. The Defendant often talks to himself; and

    g. The Defendant isolates himself from other detainees at the MCC.

4.  The Defendant states that as a condition of his state parole, he was to undergo a psychiatric evaluation. This evaluation did not occur because he was transferred from state custody to federal custody in 2007 just prior to his release from the Illinois Department of Corrections.

5.  Pursuant to the provisions of 18 U.S.C. §4241, the Court must conduct a competency hearing when the issued is raised by the defense, the Government or the Court. *United States v. O'Neal,* 969 F.2d 512 (7th Cir. 1992).

6.  Because of the concerns raised in this motion the defense is asking the Court to hold a hearing to determine whether the Defendant has the ability to consult with his attorney in a manner that allows him to have a sufficient understanding of the proceedings against him. *United States v. Jones,* 87 F.3d 954 (7th Cir. 1996).

7.  Based on the circumstances raised by this motion, the Attorney for the Defendant believes the Court should have Mr. Blakely examined by a psychiatric or psychologist prior to a hearing on his competency. *Chichakly v. United States,* 926 F.2d 624 (7th Cir. 1991).

8.  In addition, the Defendant has stated that that he should be tested to determine if he has the A.D.H.D. syndrome. In support of his, the Defendant states as follows:

    h.  The Defendant is a slow learner;

    i.  The Defendant has difficulty understanding what people are saying; and

    j.  The Defendant has difficulty with reading and writing.

WHEREFORE, for the reasons set forth in this Pleading, the Defendant requests this Court to order an Examination to determine his Competency to stand trial or change his plea.

                                                    Respectfully submitted,

                                                    <u>s/Douglas J. Rathe</u>

                                                    Douglas J. Rathe
                                                    Attorney for Maurice Blakely

Dated: April 29, 2008

Douglas J. Rathe
Law Office of Douglas J. Rathe
1925 Lake Avenue, No. 204
Wilmette, IL 60091
(847) 256-8570